UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICHARD McKEE, | No. C 09-2646 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

## INTRODUCTION

Steven Richard McKee, an inmate at the Santa Rita Jail in Alameda County, filed a pro se civil rights action under 42 U.S.C. § 1983 about his medical care at the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

McKee alleges the following in his complaint. He submitted a medical request form to see a doctor about pain from multiple bullets lodged in his back and right arm. (The complaint has "Feb. 19, 2009" written in parentheses in the margin, but it is unclear whether that date refers to the date he was shot, the date he submitted his request for care, or something else.) The medical staff at the jail allegedly was aware of his wounds because he had been taking pain medication for them previously. His pain medication was stopped or changed when he had a staph infection and was given intravenous antibiotics for seven days. (The complaint states that he was released from the infirmary, but that sentence has several illegible words and cannot be

understood by the court.)  On March 14, 2009, McKee submitted a request to see a nurse or doctor.  Nurse Maggie saw him and told him that his bullets would cause pain for the rest of his life, that the jail lacked the facilities to remove the bullets, and that the bullets were evidence and could not be removed.  Dr. Magat was called at McKee's request and concurred with the nurse. The bullets were removed on April 24, 2009.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

When a prisoner alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim for a violation of his Eighth Amendment rights: (1) a serious medical need and (2) deliberate indifference to that need by prison officials.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Negligence does not rise to the level of an Eighth Amendment violation.  See McGuckin, 974 F.2d at 1059.[1]

---

[1] The complaint does not state whether McKee was a prisoner or a pretrial detainee at the time of the alleged problem. In his amended complaint, McKee should state whether he was a convict or a pretrial detainee at the time of the alleged problem because his status makes a difference as to the constitutional provision under which his claim arises.  His claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee.

2

1     Even liberally construing the complaint, the court does not see a constitutional violation alleged. The complaint does not even hint as to what McKee's particular grievance is, e.g., whether it was a delay in seeing a nurse, a delay in seeing a doctor, a delay in surgery, the fact that he got a staph infection, the fact that he had pain, the fact that his pain medications were stopped, or something else. McKee must file an amended complaint to explain what the defendants did or failed to do that he believes amounts to deliberate indifference to his medical needs. In doing so, he should bear in mind the mental state necessary for the defendants to be liable on an Eighth Amendment claim: the official must know of and disregard a substantial risk of serious harm to inmate health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he or she must actually draw that inference. Id. A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

    In the amended complaint, McKee must identify each and every defendant who he proposes to hold liable on each claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

    McKee also must write more legibly in all future filings so the court can understand what he is describing or requesting. The court accepts both handwritten and typed complaints from incarcerated persons, but all documents have to be legible.

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 26, 2010

SUSAN ILLSTON
United States District Judge